**HUBBARD v. MELLON, Secretary of Treasury, et al.**

(Court of Appeals of District of Columbia. Submitted March 6, 1925. Decided May 4, 1925.)

No. 4286.

1. **Internal revenue ⬤➡2—Searches and seizures ⬤➡7—Internal Revenue Act, as relating to publication of income tax returns, not invalid.**

Congress having authority, under Const. Amend. 16, to levy income taxes, and to require divulgence of private information, may also require giving of publicity to information thus obtained, and Revenue Act 1924, § 257, requiring Commissioner to prepare and make available for public inspection list containing names and addresses of persons making income tax return, together with amount of tax paid by such person, is not violative of Const. Amends. 1–8, particularly Amendment 4.

2. **Constitutional law ⬤➡82 — Constitutional guaranties of person and property liberally construed, but not extended to include alleged rights pertaining to neither.**

Though constitutional guaranties of person and property should be liberally construed, such guaranties cannot be extended to include alleged rights pertaining to neither person nor property, no matter how unwise or mischievous an act of Congress may appear to an aggrieved party.

Appeal from Supreme Court of District of Columbia.

Suit by Gorham Hubbard against Andrew W. Mellon, Secretary of the Treasury of the United States, and David H. Blair, Commissioner of Internal Revenue, to enjoin publication of income tax return made by plaintiff. From a decree of dismissal, plaintiff appeals. Affirmed.

Clinton Robb, of Washington, D. C., and F. N. Nay, of Boston, Mass., for appellant.

Peyton Gordon, V. E. West, and C. T. Hendler, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The appellant, the plaintiff below, alleged in his bill of complaint that he was a citizen of the United States, residing in Boston, Mass.; that in accordance with the provisions of the federal Income Tax Law he filed an income tax return, on March 10, 1924, with the deputy collector of internal revenue at Boston, Mass., and duly paid the tax assessed against him; that the appellees, defendants below, through their agents and subordinates, threatened and intended to cause the publication of the amount of tax paid by plaintiff, by making the same available to public inspection in the office of the collector of internal revenue of Boston, Mass., and elsewhere; that such action on the part of the defendants would be in derogation of the rights of plaintiff, "and detrimental and offensive to him"; that such threatened action by the defendants is based "upon the provisions of section 257, paragraphs (a) and (b), of the Revenue Act of 1924"; that the provisions of the Revenue Act of 1924 (43 Stat. 253), making income tax returns public records and requiring that the amount of income tax paid by each person shall be made available to public inspection, are unconstitutional and void; and that plaintiff had no adequate remedy at law. Plaintiff asked that a final decree be entered perpetually enjoining the defendants from making the amount of tax paid by him available to public inspection.

The defendants interposed a motion to dismiss the bill of complaint for the following reasons: "(1) That the bill of complaint is without equity. (2) That the bill of complaint alleges no facts which, if true, would entitle plaintiff to the relief prayed. (3) That the bill of complaint fails to allege that the defendants are interfering with, or threatening to interfere with, any property right of the plaintiff. (4) That under the provisions of section 257, paragraph (b), of the Revenue Act of 1924, the defendant, Commissioner of Internal Revenue, is required to make available to public inspection, in such manner as he may determine, the amount of the income tax paid by each person making an income tax return, together with the address of such person, and that said paragraph of said section is within the constitutional power of Congress." The motion was sustained by the Supreme Court of the District of Columbia, and a final decree dismissing the bill of complaint was entered.

The question raised involves the constitutionality of section 257, paragraphs (a) and (b) of the Revenue Act of 1924.

"Sec. 257. (a) Returns upon which the tax has been determined by the Commissioner shall constitute public records; but they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary and approved by the President: Provided, that the Committee on Ways and Means of the House of Representatives, the Committee on Finance of the Senate, or a special committee of the Senate or House, shall have the right

to call on the Secretary of the Treasury for, and it shall be his duty to furnish, any data of any character contained in or shown by the returns or any of them, that may be required by the committee; and any such committee shall have the right, acting directly as a committee, or by and through such examiners or agents as it may designate or appoint, to inspect all or any of the returns at such times and in such manner as it may determine; and any relevant or useful information thus obtained may be submitted by the committee obtaining it to the Senate or the House, or to both the Senate and House, as the case may be: Provided further, that the proper officers of any state may, upon the request of the governor thereof, have access to the returns of any corporation, or to an abstract thereof showing the name and income of the corporation, at such times and in such manner as the Secretary may prescribe: Provided further, that all bona fide shareholders of record owning 1 per centum or more of the outstanding stock of any corporation shall, upon making request of the Commissioner, be allowed to examine the annual income returns of such corporation and of its subsidiaries. Any shareholder who pursuant to the provisions of this section is allowed to examine the return of any corporation, and who makes known in any manner whatever not provided by law the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any such return, shall be guilty of a misdemeanor and be punished by a fine not exceeding $1,000 or by imprisonment not exceeding one year, or both.

"(b) The Commissioner shall as soon as practicable in each year cause to be prepared and made available to public inspection in such manner as he may determine, in the office of the collector in each internal revenue district and in such other places as he may determine, lists containing the name and the post office address of each person making an income tax return in such district, together with the amount of the income tax paid by such person."

It is claimed by appellant that Congress is without constitutional authority to provide for publicity of the amount of income tax paid by an individual; that the publicity provisions of section 257, paragraph (a) and (b), are in violation of the first eight amendments to the Constitution, and particularly the Fourth Amendment; and that such provisions invade the right to privacy and the right of the individual to be secure in his personal effects and papers.

[1] The Fourth Amendment to the Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." We are unable to agree with the contention of counsel that the provisions of the act under consideration are in violation of the Fourth Amendment to the Constitution. Certainly there has been no search nor seizure, reasonable or otherwise, of the papers or effects of the appellant. He does not complain of any such act, nor does he contend that this amendment in terms secures to him the right which he demands. But it is argued that the spirit of the amendment has been violated. The case of Boyd v. United States, 116 U. S. 620, 6 S. Ct. 524, 29 L. Ed. 746, cited by counsel, appears to have no relation to the question before us. There the Supreme Court was considering the authority of Congress to require the production of private papers of an individual to be used as evidence against him in an action for forfeiture under the revenue laws. And it was there held in substance · that compulsory production of the private papers of a person to establish a criminal charge against him, or for the purpose of securing a forfeiture of his property, was within the scope of the Fourth Amendment.

[2] While it has been held that the constitutional guaranties of person and property should be liberally construed, such guaranties cannot be extended to include alleged rights pertaining to neither person nor property, no matter how unwise or mischievous an act of Congress may appear to be to the aggrieved party. There is no contention here that the act requiring that the private affairs of the individual be divulged to the officers of the government in income tax returns is without the constitutional authority of Congress, but only that the publicity provisions of section 257, supra, are in violation of the Constitution. It is admitted that the right of privacy is but relative, that a man may be compelled in litigation, even when not a party to the action, to disclose private matters, in order that the rights of others may be determined and enforced, and that like disclosures can be compelled by committees of Congress for certain purposes.

The question before us may be stated as

follows: Assuming that a person may lawfully be compelled to disclose affairs of a distinctly private character to officers of the government, in order that an income tax assessment may be made; has Congress the constitutional power to provide for public inspection of such disclosures when such inspection is deemed appropriate and necessary to proper enforcement of the law, without which no assessment could be made?

We are of the opinion that, where Congress has the power to require the divulging of private information to the officers of the government for a lawful purpose, it has authority, for the due and proper accomplishment of such purpose, to require the giving of publicity to the information thus secured. Returns of incomes are required in order that the Income Tax Law may be operative. If the provisions for public inspection of the amount of tax paid by each person and his name and address were intended to aid in the enforcement of the Income Tax Law (which law Congress had the constitutional authority to enact), and if they are appropriate and adapted to the purpose sought to be accomplished, the enactment of such provisions was within the constitutional powers of Congress. McCulloch v. Maryland, 4 Wheat. 316, 415, 421, 4 L. Ed. 579; First National Bank v. Union Trust Co., 244 U. S. 416, 419, 37 S. Ct. 734, 61 L. Ed. 1233, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312.

In the latter case the Supreme Court, in considering the publicity feature of the Corporation Tax Law of 1909 and 1910, held in substance that, Congress having the authority to provide for the levying of a tax, it was for that body to determine what means were "appropriate and adapted to the purpose of making the law effectual." In that case, as in this, the publicity provision of the law was attacked on the ground that publicity of the returns of corporations had no substantial connection or relation to the collection of the tax. The court quoted Chief Justice Marshall in McCulloch v. Maryland, 4 Wheat. 316, 421, 4 L. Ed. 579, as follows: "Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, [and] which are plainly adapted to that end, [and] which are not prohibited, but [are consistent] with the letter and spirit of the Constitution, are constitutional."

We think it appropriate to extend the quotation from the opinion in McCulloch v.

Maryland, supra. In discussing the authority of Congress to enact such laws as it considered necessary to execute the powers conferred upon it by the Constitution, Chief Justice Marshall said:

"But the Constitution of the United States has not left the right of Congress to employ the necessary means for the execution of the powers conferred on the government to general reasoning. To its enumeration of powers is added that of making 'all laws which shall be necessary and proper, for carrying into execution the foregoing powers, and all other powers vested by this constitution, in the government of the United States, or in any department thereof.' * * * It must have been the intention of those who gave these powers to insure, so far as human prudence could insure, their beneficial execution. This could not be done by confiding the choice of means to such narrow limits as not to leave it in the power of Congress to adopt any which might be appropriate, and which were conducive to the end."

Counsel insist that the principle announced by the Supreme Court in the case of Flint v. Stone Tracy Co., supra, applies to corporations, but is not applicable to natural persons. We are of the opinion that the broad fundamental principle upon which the decision in that case was predicated is as applicable to natural persons as to corporations, even though the rights of natural persons are in many instances quite different from those of corporations.

The Sixteenth Amendment to the Constitution provides that "the Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration." Congress had the power to provide for the levy and collection of an income tax. It undoubtedly had authority to compel natural persons and corporations to make disclosures of matters of a distinctly private character, so that each could be dealt with justly and that the law might be properly enforced.

It seems to us that the provisions for public inspection of lists containing the name and address of each person making an income tax return and the amount of tax paid by him were considered by Congress appropriate means of securing the enforcement of the Income Tax Law, and that such provisions are plainly adapted to that end. They may cause many hardships, and may prove to be injurious to many persons. It may develop that Congress was very unwise in enact-

ing such provisions; but such considerations in no way affect the constitutional authority of Congress in the premises.

Having reached the conclusion that Congress was acting within its constitutional powers in the enactment of the provisions complained of, it is unnecessary to a proper determination of the issues involved to consider or determine other questions raised in the record.

The judgment is affirmed, with costs.

Affirmed.

Petition for Allowance of Appeal to the Supreme Court of the United States Granted May 9, 1925.

Petition for Appeal to Supreme Court dismissed June 6, 1925.