BILLY JACK SKELTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Skelton v. Commissioner
Docket No. 4191-76.
United States Tax Court
T.C. Memo 1977-311; 1977 Tax Ct. Memo LEXIS 130; 36 T.C.M. (CCH) 1228; T.C.M. (RIA) 770311; September 14, 1977, Filed *130 P filed a Form 1040 for 1974 which disclosed no information regarding his income or tax liability. Held: (1) Such document does not constitute a "return," and the Commissioner properly imposed the addition to tax under sec. 6651(a)(1), I.R.C. 1954; and (2) some part of P's underpayment was due to negligence or intentional disregard of rules and regulations so that the addition to tax under sec. 6653(a), I.R.C. 1954, was properly imposed. Billy Jack Skelton, pro se. John F. Dean, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,966.71 in the petitioner's 1974 Federal income tax, an addition to tax of $36.91 under section 6651(a)(1) of the Internal Revenue Code *131 of 1954, [1] and an addition to tax of $98.34 under section 6653(a). The petitioner concedes his liability for the deficiency; thus, the only issues remaining for decision are: (1) Whether the Form 1040 filed by the petitioner constituted a tax "return"; if not, (2) whether his failure to file a return was due to reasonable cause and not due to willful neglect within the meaning of section 6651(a)(1); and (3) whether any part of the petitioner's underpayment was due to negligence or intentional disregard of rules or regulations within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. At the time the petitioner, Billy Jack Skelton, filed the petition herein, he resided in Dallas, Tex. On March 14, 1975, the Internal Revenue Service Center, Austin, Tex., received a Form 1040 from the petitioner for 1974, which set forth his name, address, social security number, occupation, filing status, and number of exemptions. However, in response to every question dealing with the amount of his gross income, *132 or the amount of taxes owed, he wrote: "Object 5th Amend.: Self-incrimination." He did specify the amount of the Federal income tax withheld from his wages and sought a complete refund of such amount. The Commissioner determined that in 1974 the petitioner received gross community income of $10,952.55, and the petitioner now agrees that he received such income. He knew that he was required to file a tax return for 1974 and to pay a tax on such income. However, he attended a seminar conducted by the Tax Strike Protest Movement, for which he paid a fee. At that meeting, he was advised to claim the privilege against self-incrimination and not to answer the questions on the return concerning his income and tax liability. He was told that the returns are processed by computers and that he was likely to receive automatically a refund of the tax withheld on his wages. Based on what he was told at the seminar, the petitioner concluded that securing a refund in such manner "was a loophole for the working man." The petitioner did not withhold the information called for on the return because he thought it would be incriminatory but because of the advice he had received at the seminar. *133 In his notice of deficiency, the Commissioner computed the petitioner's income tax liability to be $1,966.71 based upon the wages he earned. After giving him credit for withheld taxes, the Commissioner determined a net tax owing of $147.65. He also determined that the petitioner failed to file a "return" and was therefore liable for an addition to tax under section 6651(a)(1). Finally, he determined that some part of the underpayment was due to negligence or intentional disregard of rules and regulations and imposed the addition to tax under section 6653(a). OPINION The petitioner agrees that his income tax liability for 1974 was $1,966.71 and that his net tax liability is $147.65 after credit is given for his withheld taxes. However, he contests the imposition of the additions to the tax under sections 6651(a)(1) and 6653(a). Section 6651(a)(1)[2] imposes an addition to the tax if a taxpayer fails to file his "return" on or before the prescribed date, unless the failure is due to reasonable cause and not due to willful neglect. For each month the return has not been filed, the additional tax is 5 percent of the amount of the tax required to be shown on such return, with *134 a maximum additional tax of 25 percent of such amount. Initially, the petitioner contends that he did file a Form 1040 for 1974 before the prescribed due date and therefore section 6651(a)(1) is not applicable. This contention is without merit, because it is well established that a Form 1040 constitutes a tax "return" only if it contains sufficient data concerning a taxpayer's income and deductions so that the Commissioner is able to compute the tax owed. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd.     F. 2d     (3d Cir., June 10, 1977); Hosking v. Commissioner,62 T.C. 635, 639 (1974); Houston v. Commissioner,38 T.C. 486, 491-492 (1962); see also United States v. Daly,481 F. 2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). In this case, the Form 1040 filed by the petitioner was devoid of the necessary information, and accordingly, it did not constitute a "return." *135 Furthermore, the petitioner admitted that he filed the incomplete Form 1040 to obtain a refund of all of his withheld taxes, even though he knew that the law required him to file a return and that he was not entitled to such a refund. Knowing of his responsibility to file a proper return, the petitioner's action in filing an incomplete Form 1040, and claiming the Fifth Amendment without a good-faith justification, clearly constitutes an intentional and deliberate failure to file a proper return. Nor does the fact that he relied upon the erroneous advice given by the Tax Strike Protest Movement excuse his conduct. Shomaker v. Commissioner,38 T.C. 192 (1962). Thus, his failure to file a proper and timely return was not due to reasonable cause and was with willful neglect. Cf. Cupp v. Commissioner,supra at 78, 81. We hold that the Commissioner's imposition of the section 6651(a)(1) addition to tax was proper.
The final issue is whether any part of the petitioner's underpayment was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). [3] The petitioner admits that he was not entitled to *136 a tax refund and that he filed the incomplete form showing no tax liability because of his intention to make use of what he believed was a tax loophole. Thus, he willfully failed to file a proper return and willfully failed to show the proper tax liability thereon. Such facts clearly show that part of the petitioner's underpayment was due to negligence or intentional disregard of his tax obligations (cf. Cupp v. Commissioner,65 T.C. at 78, 81); hence, the Commissioner properly imposed such addition to tax. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Sec. 6651(a)(1) in relevant part provides: In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
3. In relevant part, sec. 6653(a) provides: If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩