DENNIS L. ROSSEBO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rossebo v. Commissioner
Docket No. 473-77.
United States Tax Court
T.C. Memo 1979-292; 1979 Tax Ct. Memo LEXIS 235; 38 T.C.M. (CCH) 1149; T.C.M. (RIA) 79292; August 1, 1979, Filed *235 Held, (1) Respondent's determination that petitioner failed to report income sustained; (2) section 6651(a) addition to tax imposed. Dennis L. Rossebo, pro se. James J. Posedel, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies[1] and additions to tax in petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651(a) [2]
1972 $ 76.00
0
1973
$1,574.00 $ 2.75
1974
$1,649.00
$183.00
The issues for decision are: 1. Whether petitioner received unreported income during the years 1972, 1973 and 1974; and 2. whether the section 6651(a) addition to tax should be imposed *236 on petitioner for the years 1973 and 1974. FINDINGS OF FACT Dennis L. Rossebo (hereinafter petitioner) resided in Vancouver, Washington, when he filed his petition in this case. For the taxable years 1972 and 1973, petitioner filed with the respondent Forms 1040 containing no reference to his income. He filed no return for 1974. Respondent, in his notice of deficiency, determined that petitioner had unreported wage income of $2,596, $10,214 and $10,569 for the years 1972, 1973 and 1974, respectively. Respondent made this determination by reconstructing petitioner's income for that period from W-2 forms obtained from his employers. Respondent then computed petitioner's tax liability based upon such income. OPINION We must determine: (1) Whether petitioner received unreported income for the years 1972, 1973 and 1974. and (2) whether petitioner is liable for an addition to tax for the years 1973 and 1974 pursuant to section 6651(a) for failure to file Federal income tax returns for those years. Petitioner's objection to respondent's determination is based solely on constitutional grounds. The thrust of his argument is that the Federal income tax statute is unconstitutional *237 because, as a direct tax on income, it is not within the intended scope of the Sixteenth Amendment to the Constitution. This contention is without merit. The Federal income tax statutes enacted pursuant to the Sixteenth Amendment have been held constitutional. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916); Cupp v. Commissioner,65 T.C. 68, 84 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). Furthermore, we have considered petitioner's other arguments and find them to be frivolous. The petitioner has the burden of proving that he did not receive the income respondent determined he failed to report. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Having presented no evidence, petitioner has failed to carry his burden of proving that respondent's determination is erroneous. As a result, the deficiencies for 1972, 1973 and 1974 based on the receipt of such income must be sustained. Section 6651(a) provides that an addition to the tax shall be imposed in the case of failure to file a return, unless it is shown that such failure is due to reasonable *238 cause and not due to willful neglect. Petitioner filed Porth-type returns for 1972 and 1973, devoid of any reference to his income. See, e.g., United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). The law is well settled that a return which discloses no information relating to a taxpayer's income from which a tax can be computed is not a "return" within the meaning of the revenue laws. Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Hosking v. Commissioner,62 T.C. 635, 639 (1974). Consequently, petitioner has filed no tax returns for 1972 and 1973. Moreover, since petitioner has not demonstrated that his failure to file returns for 1973 and 1974 was due to reasonable cause, respondent's imposition of the section 6651(a) addition for those years must be sustained. Decision will be entered under Rule 155.
Footnotes
1. Apparently these deficiencies will be partially offset by amounts withheld from petitioner's wages makin a Rule 155 computation necessary.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩