LEO C. KLINNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klinner v. Commissioner
Docket No. 12713-77.
United States Tax Court
T.C. Memo 1979-312; 1979 Tax Ct. Memo LEXIS 219; 38 T.C.M. (CCH) 1213; T.C.M. (RIA) 79312; August 13, 1979, Filed Leo C. Klinner, pro se. Leo A. Reinikka, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies [1] and additions to tax in petitioner's Federal income taxes: Addition to Tax
Addition to Tax
Year
Deficiency
Sec. 6651(a) [2]
Sec. 6653(a)
1974
$2,623.98
$574.65
$131.20
1975 $ 208.00
17.53
10.40
The issues for decision are: (1) Whether petitioner received unreported income during the years 1974 and 1975; (2) whether petitioner realized a long-term *220 capital loss of $345.25 in 1975 on the disposition of shares of the United Fund Accumulation Plan; and (3) whether petitioner is liable for additions to tax pursuant to sections 6651(a) and 6653(a). FINDINGS OF FACT Leo C. Klinner (hereinafter petitioner) resided in Port Orford, Oregon, when he filed his petition in this case. In 1974, petitioner filed a form 1040 containing no financial information other than an amount of tax withheld from his wages. He filed no return for 1975. In his notice of deficiency, respondent determined that petitioner had unreported wage income of $193106.20 and $4,077.26 for 1974 and 1975, respectively. Having computed petitioner's 1974 and 1975 tax liability based upon such determination, [3] respondent also imposed the additions to tax under sections 6651(a) and 6653(a) for both years. In his petition, petitioner alleged that respondent's determination was arbitrary, fictitious and totally without a factual basis.In addition, he claimed that respondent's actions throughout the entire administrative process were arbitrary, wanton and willful, with malice towards *221 him personally. Petitioner, however, did not allege any facts to support these allegations. Instead, he merely claimed that his position was supported by the United States Constitution, the Declaration of Independence, the Common Law and the Holy Bible. Based on these allegations, petitioner also requested a $200,000 judgment against respondent for general and punitive damages and that criminal charges be brought against respondent. OPINION We must determine the following issues: (1) Whether petitioner received unreported income during the years 1974 and 1975; (2) whether petitioner realized a long-term capital loss of $345.25 in 1975 on the disposition of shares of the United Fund Accumulation Plan; and (3) whether petitioner is liable for additions to tax pursuant to sections 6651(a) and 6653(a) for 1974 and 1975. Issue 1: Unreported Income
The first issue is whether petitioner received unreported income in 1974 and 1975. At trial petitioner asserted his Fifth Amendment rights and thereby declined to answer any questions concerning the income in dispute. The record does not indicate that petitioner was the subject of a criminal prosecution or even a criminal *222 investigation. Since the privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely, Roberts v. Commissioner,62 T.C. 834, 838 (1974); see Rogers v. United States,340 U.S. 367, 374(1951), petitioner's Fifth Amendment claim is without merit. Furthermore, reliance on the Fifth Amendment does not relieve petitioner of his normal burden of proof. Figueiredo v. Commissioner,54 T.C. 1508, 1512 (1970), affd. per order (9th Cir., Mar. 14, 1973). The burden of proof will shift to the respondent only if petitioner can show that respondent's determination was arbitrary. Roberts v. Commissioner,supra at 835. Despite petitioner's attempt to characterize respondent's determinations as arbitrary, he has failed to present any evidence supporting his contentions. Petitioner stated that he offered to tender payment for the deficiencies on the condition that respondent certify those deficiencies as "true, correct and certain." Since respondent refused to certify the amounts owed by signing petitioner's affidavit, petitioner contends that that in itself is sufficient *223 to show the arbitrary nature of respondent's determination. Petitioner's contention is without merit because there is no requirement that respondent's determinations be accompanied or certified by an affidavit. Cf. Commissioner v. Forest Glen Creamery Company,98 F. 2d 968 (7th Cir. 1938), cert. denied 306 U.S. 639(1938). Nor is there any merit to petitioner's contention that the Constitution and other cited documents support his position. Consequently, the burden of proof in this case never shifted to respondent. Since petitioner has presented no evidence to prove respondent's determination wrong, he has failed to carry his burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. As a result, the deficiencies for 1974 and 1975 based upon the receipt of the unreported income as determined by respondent must be sustained.
Issue 2: Capital Loss
Respondent determined that petitioner realized a long-term capital loss of $345.25 upon the disposition of shares of the United Fund Accumulation Plan in 1975. Accordingly, he allowed a $172.63 adjustment from gross income in that *224 year. Secs. 62(4); 1211(b)(1). Since petitioner introduced no evidence showing respondent's determination was wrong, we must hold for respondent. Issue 3: Additions to the Tax
Respondent imposed upon petitioner additions to the tax under section 6651(a) for failure to file returns during 1974 and 1975. Section 6651(a) provides that an addition to the tax shall be imposed in the case of failure to file a return, unless it is shown that such failure is due to reasonable cause. Petitioner filed a form 1040 for 1974 containing no reference to his income. The law is well settled that a form 1040 which discloses no information relation to a taxpayer's income from which a tax can be computed is not a "return" within the meaning of the revenue laws. Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Hosking v. Commissioner,62 T.C. 635, 638(1974). Consequently, petitioner has filed no return for either 1974 or 1975. Petitioner bears the burden of proving that his failure to file returns for 1974 and 1975 was due to reasonable cause. Fischer v. Commissioner,50 T.C. 164, 177 (1968). Since petitioner presented no evidence to *225 justify this delinquency, he has failed to meet his burden. Accordingly, respondent's imposition of the section 6651(a) addition must be sustained. Respondent also imposed upon petitioner the section 6653(a) five percent penalty for underpaying his taxes in 1974 and 1975. The burden of proving that no part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations is on petitioner. Enoch v. Commissioner,57 T.C. 781, 802 (1972); Courtney v. Commissioner,28 T.C. 658, 669 (1957). Having failed to present any evidence on this issue, petitioner has not sustained his burden. Accordingly, respondent's imposition of the section 6653(a) addition must be sustained. Decision will be entered under Rule 155.
Footnotes
1. Apparently, these deficiencies will be partially offset by amounts withheld from petitioner's wages making a Rule 155 computation necessary.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. For 1975, petitioner was allowed a capital loss deduction of $172.63.↩