HERBERT R. LUDWIG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ludwig v. Commissioner
Docket No. 9741-77.
United States Tax Court
T.C. Memo 1980-392; 1980 Tax Ct. Memo LEXIS 202; 40 T.C.M. (CCH) 1257; T.C.M. (RIA) 80392; September 16, 1980, Filed *202 Held: Petitioner liable for section 6651(a) and section 6653(a) additions to tax. Herbert R. Ludwig, pro se. Thomas N. Thompson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on June 22, 1977, issued a statutory notice in which he determined deficiencies in petitioner's income tax and additions to tax under section 6653(b) as follows: Calendar Year
Deficiency
Section 6653(b)
1974
$663.21
$331.60
1975
539.00
269.50
In his *203 amended answer respondent conceded that the assertion of the addition to tax under section 6653(b) for fraudulent underpayment was an error. In addition respondent put in issue additions to tax under section 6651(a) (delinquent filing) and section 6653(a) (negligence) for both years here in issue. At trial the parties agreed that petitioner's income tax deficiency for the year 1974 is in the amount of $186.00. Further, respondent conceded that there was no deficiency with respect to the year 1975. Therefore, the only issue for our consideration is respondent's assertion of the additions to tax for delinquent filing and negligence. Inasmuch as there was no deficiency for the year 1975, we need only consider the propriety of the application of the additions to tax for the year 1974. Pursuant to Rule 121, Tax Court Rules of Practice and Procedure, respondent filed a motion for summary judgment with respect to this remaining issue. FINDINGS OF FACT Herbert R. Ludwig, petitioner, resided in Sandy, Utah at the time of filing his petitioner herein. In 1975 petitioner filed a Form 1040 for the year 1974. The Form 1040 contained the taxpayer's name, address, social security number, *204 filing status of "married filing separately," exemptions, an amount designated dividend income, and a claim of $7,500 in exemptions. In the space provided for listing salary, petitioner wrote "None," and explained that "this figure (is) expressed in constitutional dollars of silver and/or gold." With respect to the other spaces provided for furnishing the requested information, petitioner either asserted his Fifth Amendment privilege against self-incrimination, wrote the word "none," or left a blank by drawing a line in the space provided for listing the information requested. Attached to the Form 1040 was a packet of information which set forth petitioner's reason for believing that the income tax laws were unconstitutional. Prior to 1974 petitioner filed tax returns which set forth petitioner's income and deductions for the year. In approximately March 1979, petitioner filed an amended United States individual income tax return for the year 1974, showing salary and interest income of $12,359 and $53, respectively, and deductions for that year. OPINION Petitioner contends that the Form 1040 filed in 1975 constitutes a valid return and satisfies his obligations under the *205 law. Therefore, he argues that he is not liable for the additions to tax for delinquent filing and negligence. We disagree. Petitioner's Form 1040 contained his name and various constitutional contentions which he said excused him from providing further information. In short the form did not contain any information relating to petitioner's income from which the tax could be computed. The Tenth Circuit, wherein appeal would lie, and this Court have stated on numerous occasions that "[A] taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner." United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970). See also Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F.2d 629 (10th Cir. 1955). Hosking v. Commissioner, 62 T.C. 635, 639 (1974). Therefore, until petitioner filed his amended 1974 return in 1979, he had not filed a "return." Accordingly, we find that petitioner is liable for the section 6651(a) addition to tax for delinquent *206 filing. Petitioner was aware of his obligation to file a return, as evidenced by his filing proper returns in prior years. Further, it is clear that the Form 1040 filed does not comply with section 6011(a) which requires that the return include the information required by the forms or regulations prescribed by the Secretary of the Treasury. Hence, for the same reasons we found petitioner liable for the section 6651(a) penalty, we find petitioner liable for the section 6653(a) addition to tax for negligence or intentional disregard of the rules and regulations. See Bagur v. Commissioner, 66 T.C. 817, 824 (1976), remanded on other grounds 603 F.2d 491 (5th Cir. 1979). To reflect concessions by both parties, Decision will be entered under Rule 155.