CHARLES W. COE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coe v. Commissioner
Docket No. 1505-79.
United States Tax Court
T.C. Memo 1980-452; 1980 Tax Ct. Memo LEXIS 138; 41 T.C.M. (CCH) 151; T.C.M. (RIA) 80452; October 7, 1980, Filed *139 Cheryl White, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Murray H. Falk for hearing and disposition of the Court's order to show cause, dated May 30, 1979. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF SPECIAL TRIAL JUDGE FALK, Special Trial Judge: This case is before the Court on its order requiring petitioner to file a proper amended petition or to show cause why respondent's motion to dismiss based upon failure to state a claim upon which relief may be granted, should not be granted. FINDINGS OF FACT Respondent determined deficiencies and additions to tax against petitioner for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1973
$203.95
$ 50.99
$10.20
0
1976
671.84
166.82
33.59
$24.87
1977
795.00
185.55
39.75
25.84
For the year 1973, respondent explained his action as follows: "(a) In the absence of adequate records, your income has been computed by reference to cost of living statistics published by the Department *140 of Labor." He allowed the standard deduction under section 141 [1] and one personal exemption. For the year 1976, respondent explained his action as follows: "(a) During the taxable year 1976, you received $6,757.76 from Stanley Smith Security, Inc., which you did not report for taxation on your income tax return." Here again, respondent allowed the standard deduction and one personal exemption. For 1977, the same method was employed by respondent. The above-listed additions to tax under section 6651(a) for failure to file returns within the time prescribed by law, under section 6653(a) for negligence or intentional disregard of rules and regulations, and under section 6654 for underpayment of estimated tax were also determined for the years indicated in the above table. Petitioner timely filed a petition based upon that notice. Thereafter, respondent filed the subject motion to dismiss on March 29, 1979. Following a hearing on that motion, held pursuant to notice on May 30, 1979, at which time there had been no response from petitioner, the Court entered the subject order, *141 directing petitioner to file on or before June 29, 1979, a proper amended petition in accordance with Rule 34(b)(4) and (b)(5) of the Court's Rules of Practice and Procedure or to show cause at the Motions Session on July 18, 1979, why respondent's motion to dismiss should not be granted. Those dates were subsequently extended by the Court's order dated July 6, 1979, to July 18 and August 1, 1979, respectively. On July 23, 1979, an amended petition was received from petitioner, which was lodged on August 1, 1979, on which date a hearing was held. Following the hearing, the case was taken under advisement. The allegations of the amended petition, in material part, are as follows: 5) The determination of tax set forth in said statutory notice of deficiency is based upon the following errors: a) Error in holding that, or proceeding as if, taxpayer is not entitled to revoke his tax returns and seek the help of the Internal Revenue Service in filling out a tax return without having to waive any of his rights in the process. b) Error in holding that, or proceeding as if, taxpayer is not entitled to claim his rights on his tax return as filed with the Internal Revenue Service. *142 c) Error in holding that, or proceeding as if, taxpayer is not entitled to be free from penalty for claiming his rights on his tax returns as filed with the Internal Revenue Service. d) Error in holding that, or proceeding as if, taxpayer is not entitled to challenge the tax laws applicability to him insofar as he is being subjected to a direct tax without apportment. 6) The facts upon which petitioner relies as a basis of these proceedings are as follows: a) Petitioner's tax returns and subsequent revocation and petition must be considered by the Internal Revenue Service. b) According to law, the petitioner has a right to file as he did; and then file a notice of revocation and a petition with a request for assistance from the Internal Revenue Service. c) The Supreme Court has ruled that the Sixteenth Amendment gave Congress no more taxing powers than it already had under the Corporation Tax Act of 1909. 7) The petitioner hereby demands a trial by jury as to matters of fact with respect to the issues raised herein; the petitioner being entitled to a trial by jury as a matter of right guaranteed by the Seventh Amendment. Petitioner did not file a return for 1973. *143 For each of the years 1976 and 1977, he filed a Form 1040 on which he placed his name, address, social security number, his signature, and the date thereof. In all the other spaces thereon, he placed either a pair of asterisks or the word "NONE." In the margin of each return the following notations were made: "I DO NOT UNDERSTAND THIS RETURN NOR THE LAWS THAT MAY APPLY TO ME. This means that I take specific objection under the 1st, 2nd, 4th, 5th, 9th, 10th Amendments to the U.S. Constitution. I offer to amend or file again if you can show me how to do so without waiving my Constitutional rights, especially my 1st, 2nd, 4th, 5th, 9th, 10th Amendment rights. Note: I did not receive any Constitutional Dollars containing 412.5 grams of Silver. [2] PETITION FOR REDRESS OF GRIEVANCES: AMENDED RETURN: CERTIFIED MAIL: RETURN RECEIPT REQUESTED: ALL ATTACHMENTS ARE INTEGRAL PARTS OF THIS RETURN." Attached to each of 1976 and 1977 Form 1040 documents is a typewritten list, as follows: LIST OF ATTACHED CONTENTS WHICH ARE INTEGRAL PARTS OF THIS RETURN (PAGES)
FORM 1040
1-2
LIST OF ATTACHED CONTENTS WHICH ARE
INTEGRAL PARTS OF THIS RETURN
3-4
KING JAMES VERSION OF THE HOLY BIBLE
5-962
U.S. CONSTITUTION AND DECLARATION OF
INDEPENDENCE
963-994
THE BLUE BOOK OF THE JOHN BIRCH SOCIETY
BY ROBERT WELCH
995-1173
THE PAPER ARISTOCRACY BY HOWARD S. KATZ
1174-1310
THE COMMUNIST MANIFESTO BY KARL MARX WITH
INTRODUCTION BY WILLIAM P. FALL
1311-1352
FIFTH AMENDMENT INCOME TAX RETURN PACKET
BY W. VAUGHN ELLSWORTH
1353-1401
*144 OPINION The amended petition, lodged on August 1, 1979, is hereby directed to be filed, nuncprotunc, as of that date. Petitioner was directed to file "a proper amended petition in accordance with Rule 34(b)(4) and (b)(5) of the Tax Court Rules of Practice and Procedure." This he has not done. The amended petition does not contain either the "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" (Rule 34(b)(4)), or the "clear and concise lettered statements of the facts on which petitioner bases the assignments of error" (Rule 34(b)(5)). The allegations of paragraph (5) and (6) of the amended petition are not directed to the determinations in the notice of deficiency, but, rather, to an attempted justification of his failure to file a return for 1973 and inadequate return forms which he filed for 1976 and 1977, asserting that he is being subjected to a direct tax without apportionment, and demanding a jury trial. The return forms which petitioner filed for 1976 and 1977, containing no information as to his income and expenses, do not constitute returns *145 required by law and regulations. United States v. Daly,481 F.2d 28 (8th Cir. 1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970). Petitioner is not being subjected to penalties for asserting his constitutional rights on the return forms. The section 6651(a) penalty is being imposed because those returns do not contain the information required to be shown therein. Petitioner appears to be arguing that he was justified in filing the totally inadequate return forms because of his right against self-incrimination. It is well established that there is no constitutional right to refuse to file an income tax return because of the Fifth Amendment, United States v. Sullivan,274 U.S. 259 (1927), and the requirement that taxpayers file tax returns in accordance with the Internal Revenue Code and respondent's regulations does not violate a taxpayer's privilege against self-incrimination. Cupp v. Commissioner,65 T.C. 68 (1975); Hosking v. Commissioner,62 T.C. 635 (1974). This Court and others have repeatedly held that the power of Congress to tax income and the income tax statutes enacted in the *146 exercise of that power are constitutional, e.g., Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Cupp v. Commissioner,supra. Wages are manifestly within the "compensation for services," the first of the enumerated items in section 61(a) as being included in gross income. Petitioner's demand for a jury trial is without merit. Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959)
Petitioner's amended petition does not state a claim upon which relief may be granted, nor has he otherwise shown why respondent's motion to dismiss should not be granted. Accordingly, the Court's order to show cause will be made absolute; respondent's motion to dismiss will be granted; and an order of dismissal and decision will be entered, sustaining the deficiencies and additions to tax determined by respondent. It is believed advisable to direct a warning to petitioner. He was previously before this Court in the case at Docket No. 9975-77, in which the taxable year 1975 was involved. The return form for that year was the same as those which he filed for 1976 and 1977, hich are involved here. The petition in that case, as here, *147 did not address the adjustments stated in the notice of deficiency, but rather consisted of constitutional objections which have been raised in numerous cases before and since and have uniformly been held to be unavailing. Respondent in that case moved to dismiss based upon petitioner's failure to state a claim upon which relief may be granted. Following a hearing on that motion, the Court granted respondent's motion and entered an order of dismissal and decision upholding the deficiency for 1975 and the additions to tax under sections 6651(a), 6653(a), and 6654, as determined by respondent. Petitioner has suffered the same fate a second time in the instant case. If he persists in the course of action he has followed up to now and brings another frivolous case of the same sort to this Court, consideration will be given to the imposition of damages under section 6673. An appropriate order of dismissal and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. The "Note" appeared on the 1976 document only.↩