DONNA J. LANYE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; THEODORE A. LANYE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lanye v. Commissioner
Docket Nos. 16390-80, 16391-80.
United States Tax Court
T.C. Memo 1981-683; 1981 Tax Ct. Memo LEXIS 62; 42 T.C.M. (CCH) 1765; T.C.M. (RIA) 81683; November 25, 1981. Donna J. Lanye and Theodore A. Lanye, pro se. Stephen J. Waller, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1978 and additions to such tax as follows: Sec. 6651(a)
Sec. 6653(a)
I.R.C. 1954
I.R.C. 1954
Deficiency
Addition
Addition
Donna J. Lanye
$ 3,452
$ 412.12
$ 172.60
Theodore A. Lanye
$ 3,452
$ 412.12
$ 172.60
The issues for decision are (1) whether each of the petitioners had unreported income *63 in 1978 in the amount of $ 16,194.54; (2) whether petitioners are liable under section 6651(a) [1] for the determined additions to tax for failure to file a timely income tax return for that year; and (3) whether any part of petitioners' underpayment of tax for 1978 was due to negligence or intentional disregard of the regulations within the meaning of section 6653(a). Petitioners Theodore A. Lanye (hereinafter petitioner) and Donna J. Lanye, husband and wife, were legal residents of Arizona when they filed their petitions. For 1978, petitioners filed a Form 1040 which contained no information with respect to their income or deductions. Most of the blanks in the form were completed with the words "Object" or "Object. Self Incrimination." During 1978, petitioner was employed by Bechtel Power Company. Based on information supplied by the Arizona Department of Economic Security, respondent determined that petitioners had unreported community income of $ 32,389.09 in 1978 and that one-half of that amount was taxable to each petitioner. *64 At the trial, petitioner offered no evidence to show that respondent erred in his determination. Instead, he presented a series of "tax protestor" arguments--that wages are not income, but see sec. 61(a); that he is entitled to a jury trial, but see Swanson v. Commissioner, 65 T.C. 1180 (1976); and that the Fifth Amendment to the Constitution entitles him to decline to give any information regarding his income even though he is not, and has never been, the subject of a criminal investigation, but see White v. Commissioner, 72 T.C. 1126, 1130 (1979); Figueiredo v. Commissioner, 54 T.C. 1508, 1512 (1970), affd. per order (9th Cir., Mar. 14, 1973). Petitioner also declined on grounds of self-incrimination to submit to cross-examination concerning the amount of his income. Cf. United States v. Cardillo, 316 F.2d 606, 611-613 (2d Cir. 1963). Because petitioners have not shown error in respondent's determinations, the determined deficiencies are sustained. Welch v. Helvering, 290 U.S. 111 (1933). The Form 1040 filed by petitioners for 1978 was devoid of any information which could be used to compute *65 their tax liabilities and does not, therefore, constitute an income tax return. United States v. Porth, 426 F.2d 519, 522-523 (10th Cir. 1970). The additions to tax under section 6651(a) for failure timely to file a return are sustained. As to the additions to tax under section 6653(a), it is apparent that petitioners' refusal to file an income tax return as required by law and to supply information regarding their income was an intentional disregard of the rules and regulations on the determination of income tax liabilities (without reasonable cause), and the additions are sustained. To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩