FRED A. SCHMITZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmitz v. Commissioner
Docket No. 19016-80.
United States Tax Court
T.C. Memo 1982-738; 1982 Tax Ct. Memo LEXIS 9; 45 T.C.M. (CCH) 408; T.C.M. (RIA) 82738; December 27, 1982. Fred A. Schmitz. pro se. Joel A. Lopata, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Section 6653(a)[1]
1976
$690.23
$34.51
1977
1,772.00
88.60
1978
2,027.80
101.39
*10 The issues for decision are (1) whether the petitioner understated his taxable income for the years 1976 through 1978 and (2) whether he is liable for additions to tax under section 6653(a) for negligence or intentional disregard of respondent's rules and regulations. Some facts and documents have been stipulated by the parties and are so found. Petitioner was a resident of Brockton, Montana, when he filed his petition in this case. He is a retired Federal employee who formerly worked at the NASA Ames Research Center. He received a civil service disability annuity during the years here involved. Petitioner filed timely Federal income tax returns for each of the years 1976, 1977 and 1978. All amounts of income, including those for disability, interest, dividends and capital gains, and all amounts for itemized deductions were reported in amounts approximating the market value of Federal Reserve notes as compared to the market value of silver. A notation on the face of each return stated: To comply with the 1040 form, *11 all figures herein are listed in dollars ( $ ). The approximate market value of a Federal Reserve Unit is $0.27. Since tax tables are apparently computed in Federal Reserve Units, the appropriate conversion and reconversion has been made. In the explanation of adjustments attached to his notice of deficiency dated July 10, 1980, respondent restated petitioner's income and deductions in terms of actual dollar amounts, thus resulting in increases to his taxable income for each year. Petitioner filed a timely petition with this Court alleging errors in respondent's determinations. Subsequently, in a letter dated September 1, 1982, addressed to an attorney for respondent, the petitioner stated that he repudiates "all documents, papers, letters and other instruments to the Internal Revenue Service and to the United States Tax Court on the grounds that all of those papers were submitted under the influence of ignorance or coercion or both." At the trial the petitioner reasserted his contention that this Court lacks jurisdiction of his case and, consequently, he declined to offer any evidence with respect to the adjustments made by respondent. Instead, he chose to rely on prior *12 statements submitted to the Court. Petitioner's assertions can be answered as follows: (1) Respondent issued a valid notice of deficiency, a timely petition was filed by petitioner, and this Court has jurisdiction. Sections 6212, 6213 and 6214. It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court of jurisdiction which, once invoked, remains unimpaired until it decides the controversy. Dorl v. Commissioner,57 T.C. 720, 722 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). Nor can petitioner disavow or withdraw previously filed Federal income tax returns. (2) Petitioner's contention that the income he received in Federal Reserve notes (paper currency) is taxable only at a discounted "specie" dollar value, rather than at face value, is frivolous and we reject it. See United States v. Wangrud,533 F.2d 495 (9th Cir. 1976); Leitch v. Commissioner,T.C. Memo. 1979-75, affd. in an unpublished opinion 652 F.2d 63 (9th Cir. 1981); United States v. Ware,608 F.2d 400 (10th Cir. 1979); White v. Commissioner,72 T.C. 1126, 1128 (1979). *13 Cf. Birkenstock v. Commissioner,646 F.2d 1185 (7th Cir. 1981), affg. T.C. Memo. 1979-201; Hellermann v. Commissioner,77 T.C. 1361, 1365-1366 (1981). (3) The Federal income tax laws are constitutional. Since the ratification of the Sixteenth Amendment to the Constitution, it is immaterial with respect to income taxes whether the tax is direct or indirect. The purpose of the Sixteenth Amendment was to relieve all income taxes when imposed from apportionment. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). The determinations made by respondent in his notice of deficiency are presumptively correct, and the petitioner bears the burden of proving that they are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Here the petitioner has offered no proof and therefore he has failed to carry his burden. Accordingly, we sustain respondent's determinations with respect to the deficiencies. Petitioner has also failed to show that his underpayments of taxes were not due to negligence or intentional disregard of rules and regulations. Hatfield v. Commissioner,68 T.C. 895, 898-899 (1977). *14 Therefore, we sustain the additions to tax under section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in question, unless other indicated.↩