PHILIP S. MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 3480-83.
United States Tax Court
T.C. Memo 1984-384; 1984 Tax Ct. Memo LEXIS 285; 48 T.C.M. (CCH) 613; T.C.M. (RIA) 84384; July 26, 1984. *285 Petitioner sent Forms 1040 to respondent, which provided no information as to petitioner's income, deductions, and credits. Held: The Forms 1040 do not constitute tax returns. As a result, (1) the statute of limitations does not bar assessment of deficiencies; (2) petitioner's and his wife's attempted elections of joint returns are ineffective; and (3) petitioner is liable for additions to tax for failure to file a timely return. Also, (4) petitioner is liable for additions to tax for negligence, etc.; (5) petitioner is liable for additions to tax for underpayment of estimated tax; and (6) the mitigation provisions do not apply. Philip S. Morgan, pro se. Frank R. DeSantis, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(a)(1) [1] (failure to file timely tax returns), 6653(a) (negligence, etc.), and 6654(a) (underpayment of estimated tax), as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654(a)
1973
$6,565.99
$662.83
$328.30
$53.40
1974
7,655.00
786.12
382.75
64.39
1975
8,752.50
935.53
437.63
107.48
1976
9,508.69
1,035.50
475.43
104.29
1977
2,387.00
144.67
119.35
4.51
1978
947.00
82.98
47.35
5.69
1979
3,942.00
413.33
197.10
45.21
After *286 concessions by both sides, the issues for decision are as follows: (1) Whether the statute of limitations bars assessment for any of the years 1973 through 1976; (2) Whether petitioner is to be taxed as a married individual filing a joint return; (3) Whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654(a); and (4) Whether the mitigation provisions (secs. 1311-1314) apply. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Canton, Ohio. During the years in issue, petitioner received income, was entitled to itemized deductions and personal exemptions, and had Federal income tax withheld, in the amounts set forth in table 1. Table 1
Income
Capital
Itemized
Personal
Wages
Interest
Gains
Deductions
Exemptions
Withholding
1973
$22,783.32
0
0
$4,685.17
3
$3,914.66
1974
25,000.00
0
0
5,089.65
3
4,510.54
1975
27,500.00
$55.00
0
5,284.82
3
5,010.37
1976
29,200.00
23.00
0
4,475.29
2
5,366.69
1977
15,283.32
0
0
[1] 0
2
1,808.32
1978
7,625.00
46.84
0
[2] 4,782.85
2
615.10
1979
17,886.14
0
$352.65
[2] 5,133.70
2
2,288.70
*287 In April 1977, petitioner and his wife sent to respondent Forms 1040 for 1973, 1974, 1975, and 1976. Each of these Forms shows petitioner's and his wife's address, taxpayer identification numbers, and occupations ("empl. counselor" for petitioner, "housewife" for his wife). On each of these Forms, petitioner and his wife claim the status of married filing jointly, and claim one personal exemption apiece (for a total of two exemptions). On each of these Forms, an amount of withholding taxes is shown equal to the amount shown for the respective year on table 1, supra. Each of these Forms was signed by petitioner and his wife under penalties of perjury. Each of the other lines on each of these Forms is stamped with the legend "OBJECT 5TH AMEND." Attached to each of these Forms is a six-page "letter of explanation" dealing with the Fifth Amendment to the Constitution, and three one-page documents. In April 1978, petitioner and *288 his wife sent to respondent a Form 1040 for 1977, which contains the same information, objections, attachments, etc., as appear on the Forms 1040 for 1973, 1974, 1975, and 1976. In April 1979, petitioner sent to respondent a Form 1040 for 1978, which contains the same information, objections, attachments, etc., as appear on the Forms 1040 for 1973 through 1977, except for the following: petitioner's wife's name, taxpayer identification number, occupation, and signature do not appear on the 1978 Form; the indicated filing status on the 1978 Form is married filing separate return; the amount of withholding tax does not appear on the 1978 Form, and the "letter of explanation" attached to the 1978 Form is only five pages long. In April 1980, petitioner sent to respondent a Form 1040 for 1979, which contains the same information, objections, attachments, etc., as appear on the 1978 Form 1040, except that the 1979 Form shows petitioner's occupation as "data proc" and his wife's occupation as "housewife". In 1973, petitioner and 973 other Ohio residents bought sites in a recreational camp club. Subsequently, petitioner was elected president of the property owner's association, which was *289 involved in extensive litigation. Petitioner was very busy in connection with his role as president of the association. In early 1974, and subsequenly, he understood that there would be no additions to tax if his taxes were paid on time (and he understood that his taxes were paid on time), even if his tax returns were not filed on time. On November 24, 1982, respondent sent to petitioner the notice of deficiency and on February 18, 1983, petitioner filed the petition which initiated the instant case. In 1981, and again in February 1984, petitioner consulted with attorneys with regard to whether he ought to file tax returns and whether the documents he had sent to respondent were appropriate. On February 17, 1984, respondent's counsel received Forms 1040 for 1973 through 1977 from petitioner and his wife (married--filing jointly), and Forms 1040 for 1978 and 1979 from petitioner (married--filing separately). These Forms 1040 contain substantially the same information as appears in table 1, supra, together with further information as to itemized deductions and amounts claimed as estimated tax payments. OPINION A critical question as to many of the issues in this case is whether the *290 Forms 1040 sent to respondent in 1977, 1978, 1979, and 1980 (for taxable years 1973 through 1979) constitute Federal income tax returns. In order to qualify as a tax return, the Form 1040 must contain sufficient data from which respondent can compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club v. Commissioner,353 U.S. 180, 188 (1957); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). Specifically, the Form 1040 must show the amounts of income and the deductions and credits claimed. United States v. Grabinski,727 F.2d 681 (CA8 1984); Thompson v. Commissioner,78 T.C. 558, 562 (1982). As to petitioner's Fifth Amendment concerns, see White v. Commissioner,72 T.C. 1126, 1130 (1979), and cases cited therein. The Forms 1040 sent to respondent in 1977, 1978, 1979, and 1980 did not contain sufficient data and thus, we conclude, they are not tax returns. Statute of Limitations
Under section 6501, [2] respondent generally is barred from assessing an income tax deficiency for a taxable year more than three years after the later of (1) the date the tax return was filed or (2) the due date of the return. Petitioner claims that the statute of limitations *291 for 1973 through 1976 had expired by the time the notice of deficiency was mailed. The Forms 1040 that petitioner sent to respondent before the notice of deficiency was mailed, do not constitute tax returns. Accordingly, assessment is not barred by the statute of limitations. We hold for respondent on this issue. Joint Returns In order to use the tax rate schedule provided in section 1(a), rather than the less favorable schedule provided in section 1(d), petitioner must be a person who "makes a single *292 return jointly with his spouse under section 6013". The Forms 1040 that petitioner sent to respondent before the notice of deficiency was mailed, do not constitute tax returns. Accordingly, these Forms 1040 do not qualify petitioner to use the joint return tax rate schedule of section 1(a). Further, petitioner and his wife cannot elect to use the section 1(a) tax rate schedule by executing and sending to respondent tax returns after the notice of deficiency is mailed and petitioner has filed a petition with this Court. Section 6013(b)(2)(c); [3] *293 Thompson v. Commissioner,78 T.C. at 561; see Durovic v. Commissioner,54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F.2d 36, 41-42 (CA7 1973). As a result, the joint return elections sought to be made on the Forms 1040 sent by petitioner to respondent's counsel in February 1984 are not effective. Petitioner is not entitled to be treated as having filed joint returns for any of the years in issue. (See Reiff v. Commissioner,77 T.C. at 1177, n. 14.) We hold for respondent on this issue. Section 6651(a)(1)
Petitioner failed to file income tax returns for the years in issue. Consequently, for petitioner to avoid imposition of the additions to tax under section 6651(a)(1), [4] *294 he must prove that such failure to file was both due to reasonable cause and not due to willful neglect. Thompson v. Commissioner,78 T.C. at 562-563 (1982). Petitioner's Fifth Amendment concerns are not sufficient cause for his failure to file timely returns for any of the years in issue. Thompson v. Commissioner,78 T.C. at 563; Reiff v. Commissioner,77 T.C. at 1180. Petitioner's testimony about consulting with lawyers in 1981 and 1984 does not provide any basis to excuse his failure to file timely returns for 1973 through 1979. Petitioner's understanding about there being no additions to tax if his taxes were paid on time is essentially correct, as to the section 6651(a)(1) additions. However, in relying on that understanding, petitioner essentially was gambling that his withholding would cover his tax liabilities. Petitioner apparently has income tax liabilities that exceed the amounts withheld. Petitioner's gamble is not reasonable cause for his failure to file timely tax returns. Petitioner loses *295 his gamble. We hold for respondent on this issue. Section 6653(a)
An addition to tax under section 6653(a) is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proving error in respondent's determinations that such an addition to tax should be imposed against him. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has failed to carry his burden of proof. We hold for respondent on this issue. Section 6654(a)
Petitioner has the burden of proving error in respondent's determination that additions to tax should be imposed under section 6654(a). Hollman v. Commissioner,38 T.C. 251, 263 (1962). Petitioner has failed to introduce any evidence indicating that respondent so erred. We conclude that petitioner is liable for additions to tax under section 6654(a). We hold for respondent on this issue. Sections 1311 through 1314
On brief, petitioner invokes the mitigation provisions, sections 1311 through 1314. Petitioner notes that these sections provide "rules for relief from some of the inequities caused by the Statute of Limitations and other provisions which would otherwise prevent *296 equitable adjustment of various income-tax hardships." To begin with, petitioner's claim is premature at best. One of the prerequisites to relief under the mitigation provisions is a "determination". Section 1311(a). The definition of a determination applicable in the instant case is a decision of this Court which has become final. Section 1313(a)(1). Thus, until the decision in the instant case becomes final, petitioner may not seek relief under the mitigation provisions. Further, even if petitioner were to be eligible for relief under the mitigation provisions, petitioner has failed to indicate how any of the mitigation provisions would affect his deficiency or additions to tax for any of the years in issue. We do not understand that petitioner now contends that his income is less than, or his deductions greater than, the amounts that he and respondent agreed to. Nor is there any dispute about credits, except as may flow from the joint return question for 1976. We hold for respondent on this issue. Although all the disputed issues are decided for respondent, respondent's concessions reduce the amounts of the deficiencies and this, in turn, reduces the amounts of the additions *297 to tax. To take account of these reductions, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
1. So stipulated. We assume that the parties mean that petitioner's itemized deductions do not exceed his zero bracket amount for 1977. See section 63. ↩
2. This is the total of itemized deductions for the year, before reduction by the relevant zero bracket amount.↩
2. Section 6501 provides in relevant part, as follows: SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * * (c) Exceptions.-- * * * (3) No return.--In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩
3. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. * * * (b) Joint Return After Filing Separate Return.-- * * * (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; or [The foregoing text includes an amendment made by section 1906(a)(1)(A) of the Tax Reform Act of 1976 (Pub. L. 94-455, 90 Stat. 1520, 1824), that does not affect the instant case.]
4. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.