GEORGE A. TEACHERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Teacherson v. Commissioner
Docket No. 25871-82.
United States Tax Court
T.C. Memo 1985-29; 1985 Tax Ct. Memo LEXIS 601; 49 T.C.M. (CCH) 544; T.C.M. (RIA) 85029; January 15, 1985. *601 Held, T's wages are includable in gross income. Held further, the additions to tax for negligence and failure to timely file a return sustained. Held further, T is liable for damages in the amount of $500 under sec. 6673, I.R.C. 1954, for instituting this proceeding primarily for delay. George A. Teacherson, pro se. William V. Spatz, for the respondent. *602 NIMS MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment made pursuant to Rule 121. [1] Petitioner subsequently moved to amend his petiton, to dismiss respondent's motion on the grounds that material facts are at issue and for summary judgment against respondent. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6651(a)(1)
1979
$3,908
$195
$66
1980
3,721
186
630
The substantive issues are: (1) whether petitioner must include wages received in gross income; (2) whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a); and (3) whether petitioner is liable for the addition to tax for failure to file a return under section 6651(a)(1). Petitioner resided at West Palm Beach, Florida, at the time *603 the petition was filed in this case. A decision may be rendered on a motion for summary judgment if the pleadings and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). The following is a summary of the facts revealed by the pleadings. During 1979 and 1980, petitioner earned $20,209.91 and $19,659.92, respectively, as an employee of the Pratt and Whitney Aircraft Group. Petitioner failed to file income tax returns for those years. The first issue is whether petitioner is liable for the asserted deficiencies. We find none of the essential facts to be disputed, and that respondent is entitled to judgment as a matter of law. Petitioner is a tax protester. In this case he repeats the forlorn argument that wages, namely those he received during 1979 and 1980, are not income. We have repeatedly rejected this argument in prior cases. The wages received by petitioner are includable in gross income, and we so hold. Section 61; Beard v. Commissioner,82 T.C. 766 (1984); Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983). Petitioner's *604 argument is frivolous and we therefore grant respondent's motion for summary judgment as to the deficiency asserted. The second issue is whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a). Petitioner bears the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757 (1972). Petitioner's frivolous position that wages are not income demonstrates his intentional disregard of rules and regulations. Accordingly, we sustain respondent's determination of the addition to tax under section 6653(a). The third issue is whether petitioner is liable for the addition to tax for failure to file a return under section 6651(a)(1) [2]. Although petitioner raises an array of Constitutional arguments in support of his failure to file returns for the years at issue, his primary contention is that the requirement to file returns violates his privilege against self-incrimination under the Fifth Amendment. It is well settled, of course, that a taxpayer's Fifth Amendment rights are not violated by the requirement to file tax returns. White v. Commissioner,72 T.C. 1126, 1130 (1979); *605 Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. by unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner's remaining Constitutional arguments are also without merit. [3]McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Since petitioner has failed to show that his failure to file returns was due to reasonable cause and not due to willful neglect, we accordingly hold that he is liable for the addition to tax under section 6651(a)(1). *606 Petitioner's Motion for Summary Judgment, Motion to Amend Petition and Motion to Dismiss [respondent's] Motion for Summary Judgment, taken together consist essentially of a rehash of petitioner's frivolous Constitutional arguments. In the Motion to Dismiss, etc., petitioner alleges that respondent "refused to take into account any of the deductions they [sic] are familiar with and to which I am entitled." This is petitioner's only reference throughout the entire sorry spectacle of this proceeding, including the hearing at which the various motions in this case were argued, to any deductions to which petitioner might be entitled. Nor does petitioner press the point in the post-hearing document which he filed as a brief herein. Petitioner's motions are denied. In conclusion, we find this proceeding to have been instituted by petitioner primarily for delay. We therefore award damages of $500 to the United States under section 6673. [4]
*607 An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 as in effect during the years to issue.↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * ↩
3. These consist of a typical array of spurious "protester" claims by petitioner that he has been abused by governmental infringement of his Constitutional rights under the Bill of Rights↩ and selected Articles of the Constitution, from I through XVI.
4. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, increased the amount of damages that we may award under section 6673 from $500 to $5,000 for proceedings commenced after December 31, 1982. Section 160 of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 497, 696, further amended section 6673↩ to provide for damages not in excess of $5,000 in any proceeding pending in this Court after November 15 1984. Thus, although we are authorized to award damages not exceeding $5,000 in the instant case, we choose only to award the amount stated.