T.C. Memo. 2008-162

UNITED STATES TAX COURT

DOMINIC MAGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5635-06L.                    Filed June 26, 2008.

Dominic Maga, pro se.

<u>Terry Serena</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).[1]  We shall grant respondent's motion.

---

[1]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Ohio at the time he filed the petition in this case.

On October 1, 2003, respondent issued to petitioner a separate notice of deficiency with respect to each of his taxable years 1996 and 1997, which he received. On September 26, 2003, respondent issued to petitioner a separate notice of deficiency with respect to each of his taxable years 1998, 1999, and 2000, which he received. On November 7, 2003, respondent issued to petitioner a notice of deficiency with respect to his taxable year 2001, which he received. In each of those notices, respondent determined a deficiency in, and additions under sections 6651(a)(1)[2] and 6654(a), respectively, to, petitioner's Federal income tax (tax).

Petitioner did not file petitions in the Court with respect to the respective notices of deficiency relating to his taxable years 1996, 1997, 1998, 1999, 2000, and 2001.

On March 29, 2004, respondent assessed petitioner's tax, as well as additions to tax under sections 6651(a)(1) and 6654(a), respectively, and interest as provided by law, for each of his

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

taxable years 1996 and 1997. On May 24, May 17, April 20, and May 17, 2004, respectively, respondent assessed petitioner's tax, as well as additions to tax under sections 6651(a)(1) and 6654(a), respectively, and interest as provided by law, for each of his taxable years 1998, 1999, 2000, and 2001.[3] (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued thereafter, as petitioner's unpaid liabilities for 1996 through 2001.)

Respondent timely issued to petitioner a notice of balance due with respect to each of petitioner's unpaid liabilities for 1996 through 2001.

On August 18, 2005, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liabilities for 1996 through 2001.[4]

On August 28, 2005, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a

---

[3]Respondent did not determine in the respective notices of deficiency relating to petitioner's taxable years 1996 through 2001 additions to tax under sec. 6651(a)(2). Nonetheless, respondent assessed additions to tax under that section for each of those years except 2000.

[4]The notice of intent to levy also pertained to a frivolous return penalty under sec. 6702 that respondent imposed on petitioner for each of his taxable years 1997, 1999, and 2000. On Oct. 9, 2007, the Court ordered those penalties dismissed from this case for lack of jurisdiction.

hearing with respondent's Appeals Office (Appeals Office).  In petitioner's Form 12153, petitioner stated the following as the reason for his disagreement with the notice of intent to levy: "As per IMFs my MFR is 01 (not required to file a return) see attached."  Attached to petitioner's Form 12153 were copies of his undated letter to Jim Keegan of the Internal Revenue Service and certain documents titled "IMF MCC TRANSCRIPT-SPECIFIC".

In response to petitioner's Form 12153, a settlement officer with the Appeals Office (settlement officer) sent to petitioner a letter dated November 28, 2005 (settlement officer's November 28, 2005 letter).  In that letter, the settlement officer admonished petitioner about advancing frivolous arguments and offered petitioner a telephonic conference at 9 a.m. on December 20, 2005, or on another date that was more convenient to petitioner. In the settlement officer's November 28, 2005 letter, the settlement officer also offered petitioner a face-to-face conference if he wished to raise relevant, nonfrivolous issues.  In the settlement officer's November 28, 2005 letter, the settlement officer asked petitioner to provide her with copies of his tax returns for his taxable years 2002, 2003, and 2004.

By letter dated December 3, 2005, petitioner asked the settlement office to reschedule the telephonic conference to January 17, 2006.

By letter dated December 7, 2005, the settlement officer informed petitioner that the telephonic conference had been rescheduled to 9 a.m. on January 17, 2006, as he had requested.

In a letter dated January 12, 2006 (petitioner's January 12, 2006 letter), which petitioner characterized as a "**DETERMINATION LETTER**", petitioner asserted, inter alia,

> This is in regard to the Collection Due Process Hearing (CDPH) per your letter of December 7, 2005 * * *. This CDPH is being handled by mail, therefore consider this my objections to this alleged Notice of Intent to Levy * * * for the years 1996 through 2001.

Petitioner's January 12, 2006 letter contained certain statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless. Petitioner attached to petitioner's January 12, 2006 letter copies of the respective notices of deficiency that respondent issued to him with respect to his taxable years 1996 through 2001.

On February 16, 2006, the Appeals Office issued to petitioner a notice of determination concerning the collection action(s) under section 6330 (notice of determination). That notice stated in pertinent part:

> It is the Determination of Appeals not to grant you relief under IRC Sec. 6330 from the proposed collection action. Please find further details contained in the attachment to this letter.

An attachment to the notice of determination stated in pertinent part:

You requested a Collection Due Process (CDP) hearing under the provisions of Internal Revenue Code (IRC) Sec. 6330 following receipt of Letter 1058 (Lt 11), Final Notice-Notice of Intent to Levy and Your Right to a Hearing dated August 18, 2005.  Your Form 12153, Request for a Collection Due Process Hearing was received timely as it was made within the 30-day period for requesting a CDP hearing.  In your request you indicated that per your IMF your MFR is 01 and that indicates you are not required to file a tax return.  You also asked for various documents from the Internal Revenue Service (IRS) for the purpose of challenging the validity of the income tax liability and assessment procedures. * * *

On November 28, 2005, I mailed you a hearing appointment letter offering you a telephonic hearing or hearing by correspondence.  You were not offered a face-to-face hearing because you indicated in your request you wanted to discuss items that were frivolous or groundless and Appeals does not offer face-to-face hearings if the only items you wish to discuss are of a frivolous nature.  You were advised that if you were interested in receiving a face-to-face hearing you needed to be prepared to discuss issues relevant to paying your liability and you needed to submit those issues by the timeframe given.  You failed to submit relevant issues and therefore you were not offered a face-to-face hearing.

    *        *        *        *        *        *        *

The proposed levy is the appropriate action in this case based on the reasons as stated below.

    *        *        *        *        *        *        *

You failed to voluntarily file a tax return for income tax periods ending December 31, 1996, December 31, 1997, December 31, 1998, December 31, 1999, December 31, 2000 and December 31, 2001.  The IRS prepared the tax returns for you under the Service's substitute-for-return procedures.  The IRS issued Letter 3219, Statutory Notice of Deficiency concerning the tax periods ending December 31, 1996 and 1997 on October 1, 2003 for 1998, 1999 and 2000 on November 7, 2005 [sic] for the tax period ending December 31, 2001 and sent them to you by certified mail.  The letter notified you of

the proposed tax, penalties and interest and gave you the opportunity to contest the proposed assessments by petitioning the United States Tax Court.  There is no record that you filed such a petition.

The Statutory Notice of Deficiency is your one time opportunity to contest or dispute the liability.  The Collection Due Process (CDP) hearing is <u>not</u> a second opportunity to dispute the underlying tax liability. IRC § 6330(c)(2)(B) states that you "...may also raise at the hearing challenges to the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

The liability remained unpaid and your account was then assigned to collection.  Collection sent you a Notice of Intent to Levy-Your Right to a Hearing on August 18, 2005.  As explained above, your request for a hearing was made timely and you have the right to request judicial review of this Notice of Determination.

\*       \*       \*       \*       \*       \*       \*

### DISCUSSION AND ANALYSIS

**Legal and Procedural Requirements**

Based on the facts presented in the administrative file, the Settlement Officer has verified that all the requirements of various applicable law and administrative procedures have been met.

- Assessment was made on the applicable CDP period per IRC Sec. 6201 and the notice and demand for payment was mailed to your last known address, within 60 days of the assessment as required by IRC § 6303.  I verified this with transcripts.

- Per transcript review there was a balance due at the time the Notice of Intent to Levy was issued.

- The proper computer codes were input to suspend the collection statute while the case is being considered under IRC Sec. 6320 [sic].

- You do not have a pending bankruptcy case,
  nor did you have a pending bankruptcy case at
  the time the CDP notice was issued.

- This Appeals Settlement Officer has had no prior
  involvement in Appeals or collection activity with
  respect to the liabilities covered by this hear-
  ing.

### Relevant Issues Raised by the Taxpayer

#### Challenge to the Validity of the Assessment:

You included a number of disputed issues in your re-
quest for a hearing.  All of the issues mentioned were
items that the courts have determined are frivolous.
There was no mention of collection alternatives.

You questioned the validity of the 1040 assessments for
1996, 1997, 1998, 1999, 2000 and 2001 before Appeals.
I sent you literal readable Individual Master File
transcripts identifying the taxpayer, type of tax, tax
period, date and amount of assessment on January 18,
2006.  I explained to you via correspondence dated
January 18, 2006 the transcripts provided show the same
essential information found on Form 4340, Certificate
of Assessments and Payments.  You failed to identify
any irregularity in the assessments for 1996, 1997,
1998, 1999, 2000 and 2001 and thus I find the assess-
ments to be valid.

     *       *       *       *       *       *       *

#### Challenges to the Existence of the Liability:

In addition to claiming the assessments are procedur-
ally invalid, you also assert general challenges to the
existence of the liabilities.  IRC § 6330(c)(2)(B)
provides that the existence of the underlying tax
liability can only be disputed in Appeals at a CDP
hearing if the taxpayer did not receive a Statutory
Notice of Deficiency for the taxes in question or did
not otherwise have an earlier opportunity to dispute
such liability.

Our records indicate that you received Notices of
Deficiency for the taxable years 1996, 1997, 1998,
1999, 2000 and 2001 and they indicate that you did not

avail yourself of the opportunity to file a petition for redetermination with the Tax Court.

\*       \*       \*       \*       \*       \*       \*

**<u>Collection Alternatives Offered By The Taxpayer:</u>**

You did not propose any collection alternatives.  Most alternatives require that you be in compliance with all filing requirements.  You have not filed a return for 2003 or 2004.

**<u>Other Issues Raised By the Taxpayer:</u>**

You raised no other relevant issues.

Before you decide to petition this Notice of Determination, you should be advised that the U.S. Tax Court is empowered to impose monetary sanctions up to $25,000.00 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless.  <u>Pierson v. Commissioner</u>, 115 T.C. No. 39 (2000).  It is our conclusion that the position you have taken has no merit and is groundless.

### Balancing Efficient Collection and Intrusiveness

IRC § 6330 requires that the Appeals Office consider whether a proposed collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.

The proposed levy action is appropriate given the facts and circumstances of this particular case.  It balances the least intrusive method of collection with the need to efficiently collect taxes, the balance favors the proposed levy, as you presented no information or collection alternative that would weigh against the need for efficient collection.

### DETERMINATION

All legal and procedural requirements were met prior to the issuance of the Notice of Intent to levy, and the Settlement Officer concludes that the action was appropriate.  The levy action is sustained.

On January 15, 2008, the Court issued an Order (January 15, 2008 Order) in which, inter alia, it ordered petitioner to file a response to respondent's motion.  In that Order, the Court also concluded that the petition that petitioner filed contained certain statements, contentions, and arguments that the Court found to be frivolous and/or groundless.  In the January 15, 2008 Order, the Court reminded petitioner about section 6673(a)(1) and admonished him that, in the event that he continued to advance frivolous and/or groundless statements, contentions, or arguments, the Court would impose a penalty not in excess of $25,000 on him under that section.  Thereafter, petitioner made no filings in this case.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to any of the respective notices of deficiency that respondent issued to him relating to his taxable years 1996 through 2001.  Where, as is the case here, the validity of the underlying tax liability for each of those years is not properly

placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

As was true of petitioner's position before the Appeals Office, petitioner's position in this case is frivolous and groundless. We find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's unpaid liabilities for 1996 through 2001.[5]

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court considers sua sponte whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a

_____

[5]It is not clear from the notice of determination whether the Appeals Office sustained the collection action insofar as it pertained to the respective additions to tax under sec. 6651(a)(2) for petitioner's taxable years 1996 through 1999 and 2001 that respondent assessed. See supra note 3. To the extent that the Appeals Office did determine to sustain the collection action with respect to those additions to tax, we do not sustain that determination. In the respective notices of deficiency with respect to petitioner's taxable years 1996 through 1999 and 2001, respondent did not determine to impose additions to tax under sec. 6651(a)(2) and did not have the authority to assess any such additions to tax.

proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

We believe that petitioner instituted and maintained the instant proceeding primarily for delay. We have found that petitioner's position in this case is frivolous and groundless. Nonetheless, we shall not impose a penalty under section 6673(a)(1) on petitioner.[6] We caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An appropriate order and
decision for respondent will be entered.

---

[6]Petitioner made no filings in this case after the Court issued its January 15, 2008 Order in which the Court reminded him about sec. 6673(a)(1) and admonished him that the Court would impose a penalty on him under that section if he continued to advance frivolous and/or groundless statements, contentions, or arguments.