GORDON C. BENDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bender v. Commissioner
Docket No. 35291-83.
United States Tax Court
T.C. Memo 1985-355; 1985 Tax Ct. Memo LEXIS 281; 50 T.C.M. (CCH) 450; T.C.M. (RIA) 85355; July 18, 1985. *281 P received wages in 1978, 1979, 1980, and 1981. P, as a tax protestor, filed Forms 1040 or 1040A for such years which disclosed only his name, address, and social security number. On each line requesting financial information, P placed an asterisk which referred to an objection grounded on the Fifth Amendment to the Constitution of the United States. Held:
(1) A Form 1040 or 1040A which contained no information as to income and deductions did not constitute a properly executed Federal income tax return. P's contention that he was not required to provide such financial information on the grounds that having to do so would violate his Fifth Amendment right against self-incrimination was rejected. P was liable for the additions to tax under sec. 6651(a)(1), I.R.C. 1954, for failure to file timely returns. (2) P was liable for the additions to tax under sec. 6653(a), I.R.C. 1954, since he failed to show that the underpayments of tax were not due to negligence or to intentional disregard of rules and regulations. (3) P was liable for the additions to tax under sec. 6654, I.R.C. 1954, since he underpaid his estimated taxes. (4) The United States is entitled to an award of damages from *282 P under sec. 6673, I.R.C. 1954, since the proceedings herein were instituted primarily for delay and since P's position is both frivolous and groundless. Gordon C. Bender, pro se. Gioele Settembrini, Jr., for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6651
Sec. 6653(a)
Sec. 6653
Sec.
Sec. 6654
(a)(1)
(a)(1)
6653(a)(2)
Year
Deficiency
I.R.C.
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
I.R.C.
1954 [1]
1954
1978
$1,643.00
$411.00
$82.00
$52.58
1979
697.00
174.00
35.00
29.17
1980
1,705.00
426.00
85.00
108.72
1981
2,758.00
690.00
$138.00
50% of the
181.02
interest
due on
$2,758.00
The issues for decision are: (1) Whether the petitioner is liable for the additions to tax under section 6651(a) for failure to file timely returns where he filed incomplete forms as returns and claimed the protection of the Fifth Amendment to the Constitution of the United States; (2) whether the petitioner is liable for the additions to tax under section 6653(a)[2] for negligence or intentional disregard of rules and regulations; (3) whether the peitioner is liable for the additions to tax *283 under section 6654 for underpayment of estimated taxes; and (4) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Gordon C. Bender, resided in Orlando, Fla., at the time he filed his petition in this case. Since 1965, the petitioner has worked in the electronics field. He earned wages of $11,885.03 in 1978 and $7,532.00 in 1979 from his employer R.F. Systems, Inc. He earned wages of $12,443.05 in 1980 and $15,640.05 in 1981 from his employer Continental Testing Labs. The petitioner filed "protest" Forms 1040 or 1040A for 1978, 1979, 1980, and 1981 with the Internal Revenue Service. On each such form, he identified himself by giving his *284 name, address, and social security number, and he signed each form. No financial information was given; rather, the petitioner placed an asterisk on each line requesting financial information. The asterisks all referred to the following statement: I object to providing information which could conceivably be used against me in a criminal trial, as is my right as accorded by the 5th Amendment to the United States Constitution. However, on the 1981 form, the petitioner did report total Federal income tax withheld in the amount of $1,037.63 and requested a refund in that amount. For at least 5 years prior to 1977, the petitioner filed Federal income tax returns in which he did report as income those wages received by him during such taxable years. For each of the years at issue, the petitioner submitted to his employer Forms W-4 or W-4E in which the petitioner claimed that he was exempt from the withholding of Federal income tax from his wages. Furthermore, although the petitioner did receive Forms W-2 from his employers for each year at issue, the petitioner did not attach such forms to his tax returns. The petitioner refused to cooperate with the Commissioner's agent in his investigation, *285 and the agent had to secure the necessary records from the petitioner's employers. In a notice of deficiency, the Commissioner determined that the petitioner received income equal to his unreported wages and that the petitioner was liable for the additions to tax under section 6651(a) for failure to file timely returns, under section 6653(a) for negligence, and under section 6654 for underpayment of estimated taxes. OPINION The petitioner concedes that he received wages in the years at issue and in the amounts determined by the Commissioner, and it is well settled that wages constitute gross income taxable to him. United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Consequently, we hold that the petitioner is liable for the deficiencies determined by the Commissioner and attributable to such wages. The first issue to be adjudicated is whether the petitioner is liable for the additions to tax under section 6651(a) for failure to file timely returns for 1978, 1979, 1980, and 1981. The resolution of this issue turns on whether the forms filed by the petitioner for those years constituted returns as required by *286 section 6011 and whether his failure to file such returns was due to reasonable cause because of his claim of protection against self-incrimination under the Fifth Amendment to the Constitution of the United States. Under section 6011(a), all taxpayers are required to make a return or statement and include therein the information required by the forms or regulations. "Returns" that have not been so prepared will not be accepted as meeting the requirements of the Internal Revenue Code. Sec. 1.6011-1(b), Income Tax Regs.; Beard v. Commissioner,82 T.C. 766 (1984). A form that does not contain any information relating to the taxpayer's income is not a return within the meaning of the Internal Revenue Code. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970). In order for a document to constitute a tax return of a taxpayer, it must represent an honest and genuine endeavor to satisfy the requirement for a return and contain sufficient data from which the Commissioner can compute and assess the taxpayer's Federal income tax liabilities. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Cupp v. Commissioner,65 T.C. 68, 79 (1975), *287 affd. by an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Beard v. Commissioner,supra at 774. The petitioner in this case disclosed no data on the forms he filed from which the Commissioner could compute and assess his Federal income tax liabilities for the taxable years 1978, 1979, 1980, and 1981. The showing of only a name, address, and social security number falls far short of the information required to be shown on a return to enable the Commissioner to compute and assess one's income tax liability. Cupp v. Commissioner,supra at 79; Houston v. Commissioner,38 T.C. 486, 491-492 (1962). Consequently, we conclude that the forms which the petitioner filed for the years in issue did not constitute returns, and, as a result, the petitioner failed to file returns for such years as required by section 6011. The petitioner argues that he had good cause for not providing the requisite financial information on his income tax forms because he asserted his Fifth Amendment right against self-incrimination. We must reject such argument. It is well settled that a taxpayer's Fifth Amendment rights are not violated by the requirement to file tax returns. United States v. Sullivan,274 U.S. 259 (1927); *288 White v. Commissioner,72 T.C. 1126, 1130 (1979); Cupp v. Commissioner,supra at 79. We have previously stated that "The privilege against self-incrimination may be invoked only when an answer to the question posed would expose the petitioner to a real danger of criminal prosecution; remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to justify a refusal to respond." McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The petitioner has failed to make any showing that furnishing information as to his income and deductions would present any real or appreciable danger of self-incrimination. At trial, the petitioner stated that he was not subject to a criminal investigation, nor was one imminent. We therefore hold that the petitioner's claim to the protection of the Fifth Amendment is without merit and must be rejected, that he failed to file proper returns for the years at issue, that his failure to do so was not due to reasonable cause, and that he is liable for the additions to tax under section 6651(a). The second issue for decision is whether the petitioner is liable for the additions to tax under section 6653(a) *289 for negligence or intentional disregard of rules and regulations. Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2)[3] provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations and for the period beginning on the last date prescribed by law for payment. The petitioner bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations. Rule 142(a), Tax Court Rules of Practice and Procedure; Bixby v. Commissioner,58 T.C. 757 (1972). The addition to tax provided under section 6653(a) is not applicable where there exists *290 a "bona fide dispute which presents substantial issues of law and fact." Scott v. Commissioner,61 T.C. 654, 663 (1974). The petitioner's belief that disclosure of financial information on his Federal income tax forms would violate his Fifth Amendment right against self-incrimination does not qualify as such a dispute. The petitioner has introduced no evidence on this issue and, thus, has failed to satisfy his burden of proof. Accordingly, we hold that the petitioner's underpayments for 1978, 1979, 1980, and 1981 were entirely due to negligence or intentional disregard of rules and regulations and that the petitioner is liable for the additions to tax under section 6653(a) or 6653(a)(1) for each of the years at issue and section 6653(a)(2) for 1981. The third issue for decision is whether the petitioner is liable for the additions to tax under section 6654 for underpayment of estimated taxes. Where a taxpayer fails to make adequate prepayment of his estimated taxes, the provisions of section 6654 are mandatory and are applicable, regardless of any showing of reasonable cause or lack of willful neglect. The record indicates that the petitioner failed to make sufficient prepayments *291 of his estimated taxes, and accordingly, we hold that the petitioner is liable for the additions under section 6654. The fourth issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * The petitioner is simply another of the interminable number of tax protestors who have no bona fide defense to the Commissioner's determinations; they use this forum to make frivolous and groundless legal and constitutional contentions which have been consistently and frequently rejected by this and other courts. The petitioner in this case has abused the processes of this Court and has wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless. *292 We accordingly award damages to the United States under section 6673 in the amount of $2,500.00. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. ↩
2. Sec. 6653(a) was amended by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172. Sec. 6653(a) has been redesignated as sec. 6653(a)(1), and sec. 6653(a)(2) has been added. Sec. 6653(a)(1) and (2)↩ is effective for "taxes the last date prescribed for payment of which is after December 31, 1981."
3. Sec. 6653(a)(2) is effective for taxes the last date prescribed for payment of which is after Dec. 31, 1981. Consequently, the addition to tax authorized by sec. 6653(a)(2)↩ is only at issue for the taxable year 1981 in this case.